**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia**
**Richmond Division**

**DERRICK WILLIAMS**

        **Plaintiff,**

**v.**

**GORDON J. PAINTER**

**Serve:**
**3003 Long Oaks Rd.**
**Midlothian, VA 23112**                **Civil Action No.: 3:24-cv-00696**
**and**
**Jeffrey L. Mincks, Esq.**
**County Attorney**
**Administration Building**
**5th Floor, Room 503**
**9901 Lori Road**
**Chesterfield, Virginia 23832,**

        **Defendant.**

## COMPLAINT

    **COMES NOW** the Plaintiff, DERRICK WILLIAMS, by his attorneys, Phillip S. Georges, PLLC, by Attorney Phillip S. Georges, and respectfully moves this Court for judgement against Defendant GORDON J. PAINTER, on the grounds and in the amount as hereinafter set forth.

### PARTIES

1.    Plaintiff, DERRICK WILLIAMS (hereinafter "Mr. Williams"), is a citizen of New York and adult individual residing at 218-19 130th Avenue, Queens, New York 11413.

2.    Defendant GORDON J. PAINTER (hereinafter "Defendant Painter") is a citizen of Virginia and an adult citizen residing at 3003 Long Oaks Road, Midlothian, VA 23112 and is an employee of Chesterfield County Police Department.

## JURISDITION AND VENUE

3.      Paragraphs 1 through 2 are hereby incorporated by reference and re-alleged as if fully re-instated herein.

4.      This complaint was filed within the applicable statute of limitations.

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over 42 U.S.C. § 1983 claims. Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a) over the state law claims,

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to plaintiffs' claims occurred in this district.

7.      Assignment to the Richmond Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C) because a substantial part of the acts and omissions giving rise to plaintiffs' claims occurred in this division.

## GENERAL ALLEGATIONS

8.      Paragraphs 1 through 7 are hereby incorporated by reference and re-alleged as if fully reinstated herein.

9.      On or about October 11, 2022, Mr. Williams was in at a residence where he was lawfully residing with permission at 5741 Quite Pine Circle, Apt 102, Chester, VA 23831.

10.     This apartment was leased under the name of his friend, Tyleek Harris.

11.     Mr. Harris gave Mr. Williams a key to the apartment and gave him permission to occupy the same.

12.     Mr. Williams had occupied the home from September 13, 2022, to the date of incident, October 11, 2022, without any prior incidents.

13.    On October 11, 2022, Mr. Williams heard his apartment door get kicked in. He was in the bedroom which is located near the rear of the apartment. He heard feet stomping toward his room. He became scared because he knew of no one else who had authorization to be in the apartment.

14.    The person was Mr. Harris' ex-girlfriend who previously resided at this address, who broke into the home and started yelling racial slurs and profanity to Mr. Williams. She then threatened Mr. Williams by telling him she had a gun before running back out of the apartment and contacting law enforcement.

15.    On the subject day, Defendant Painter entered Mr. Williams' residence with his K-9 without a warrant or probable cause.

16.    Following Defendant Painter, Officer Wilson entered the property and encountered Mr. Williams who was coming out of the bedroom to see who was in his apartment.

17.    Officer Wilson ordered Mr. Williams to put his hands up.

18.    Mr. Williams complied with the request of Officer Wilson.

19.    Mr. Williams was in a submission stance with his hands in the air.

20.    At or about this same time, Defendant Painter, without any threat of violence, risk of bodily harm or knowledge of who was present in the apartment, released his K-9 without justifiable cause.

21.    The K-9 charged at Mr. Williams' left upper arm and bit Mr. Williams several times.

22.    Defendant Painter was aware that the police dog is a vicious and dangerous instrument, known to cause serious and permanent bodily harm.

23.    As the K-9 continued to bite Mr. Williams' arm, law enforcement proceeded to cuff him while trying to get the K-9 to release its grip.

24.    The K-9 wouldn't release, so Defendant Painter had to punch the dog in the nose to get him to release his bite.

25.     The K-9 would not listen to Defendant Painter's commands.

26.     The K-9 was trained by Defendant Painter.

27.     Defendant Painter used deadly force on the Plaintiff as defined by Virginia Code sec. 19.2-83.3.

28.     That Mr. Williams had committed no crime when Defendant Painter entered his apartment.

29.     That Mr. Williams never posed a threat of safety of the officers or others.

30.     That Mr. Williams never resisted the officers.

31.     That Mr. Williams never attempted to flee the officers.

32.     That the Defendant Painter used Excessive force as defined by Virginia Code sec. 19.2-83.3.

## COUNT I

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Fourth Amendment (Unlawful Seizure/Search/Excessive Force)
### By Plaintiff Against Defendant

33.     Paragraphs 1 through 32 are hereby incorporated by reference and re-alleged as if fully reinstated herein.

34.     This cause of action arises under 42 U.S.C. § 1983, wherein Mr. Williams seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

35.     The Fourth Amendment protects Plaintiff from an unreasonable search and seizure, including the use of excessive force.

36.     Mr. Williams is a citizen of the United States and Defendant Painter is a person for the purpose of 42 U.S.C. § 1983.

37.    Defendant Painter at all times was acting under the color of state law in his capacity as an officer for the Chesterfield County Police Department and his acts were conducted within the scope of his official duties.

38.    At the time of the events, Mr. Williams had a clearly established constitutional right under the Fourth Amendment, as applied to the States under the Fourteenth Amendment to be secure from unreasonable seizure and excessive force.

39.    Any police officer knew or should have known as a result of their training and experience of Mr. Williams' rights at the time of these events.

40.    Defendant Painter's use of force, described above with his K-9, was objectively unreasonable in light of the facts and circumstances confronting him and were malicious, reckless and indifferent to Mr. Williams' constitutionally protected rights and physical safety.

41.    Defendant Painter's use of force was grossly disproportionate to any and all risk facing him at the time.

42.    Defendant Painter disregarded his training of when to and how to use his K-9 as a weapon upon suspects.

43.    Defendant Painter knew and was trained that the K-9 was a dangerous instrumentality that could cause serious bodily harm and even death.

44.    Defendant Painter deliberately released his K-9 in violation of his training and K-9 protocols.

45.    Defendant Painter did not maintain control of his K-9 by tethered leash in violation of his training and protocols.

46.    Defendant Painter knew that his K-9 was poorly trained and thereby an increased threat to others.

47.     Defendant Painter violated Mr. Williams' clearly established constitutional rights and he is not entitled to qualified immunity for his conduct during the incident.

48.     Defendant Painter's acts were intentional, willful, malicious and done with the purpose of inflicting physical and mental harm to Mr. Williams.

49.     The unlawful seizure and detention of Mr. Williams by Defendant was without a lawful basis, reasonable suspicion, probably cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Williams' Fourth Amendment rights.

50.     The unlawful, unwanted, and harmful touching of Plaintiff by Defendant through the use of his K-9 dog constituting batteries and excessive force was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Plaintiff's Fourth Amendment rights.

51.     Defendant Painter has a history of excessive force and violating other person's fourth amendment rights and consciously chooses to continue to abuse his power, through the continuous deliberate, malicious, willful conduct and conduct that is reckless and wanton of others rights as evidenced by multiple complaints against him to include those in the Easter District of Virginia, Byers v. City of Richmond, 3:23-cv-00801-RCY and Wilson v. Painter, 3:20-dv-00645-DJN.

52.     As a direct and proximate result of Defendant Painter's unlawful conduct, Mr. Williams suffered a deprivation of his rights under the Fourth Amendment, severe bodily injury, conscious pain and suffering, economic loss, humiliation and mental distress.

53.     Accordingly, Defendant Painter is liable to Mr. Williams for the deprivation of his rights in violation of 42 U.S.C § 1983.

54.     In addition to compensatory, consequential, and special damages, Mr. Williams is entitled to punitive damages against Defendant Painter under the same in that his actions were undertaken maliciously, willfully and with reckless or wanton disregard of Mr. Williams' constitutional rights.

**COUNT II**
**ASSAULT**

55.     Paragraphs 1 through 54 are hereby incorporated by reference and re-alleged as if fully reinstated herein.

56.     Defendant Painter threatened the use of force on Mr. Williams with the instrument of his K-9 dog.

57.     Plaintiff Williams contemplated and feared harmful and unwanted touching by the Defendant, who had the present ability to do so with the use of a K-9 dog.

58.     As a proximate result of Defendant Painter's acts and/omissions as alleged throughout this entire complaint, Defendant Painter assaulted Mr. Williams.

59.     Defendant Painter has a history of assault and consciously chooses to continue to abuse his power, through the continuous deliberate, malicious, willful conduct and conduct that is reckless and wanton of others rights as evidenced by multiple assaults to include those in the Eastern District of Virginia, Byers v. City of Richmond, 3:23-cv-00801-RCY and Wilson v. Painter, 3:20-dv-00645-DJN.

60.     As a direct and proximate result of Defendant Painter's unlawful conduct, Mr. Williams suffered a deprivation of his rights under the Fourth Amendment, severe bodily injury, conscious pain and suffering, economic loss, humiliation and mental distress.

61.     Accordingly, Defendant Painter is liable to Mr. Williams for his assault.

62.    In addition to compensatory, consequential, and special damages, Mr. Williams is entitled to punitive damages against Defendant Painter under the same in that his actions were undertaken maliciously, willfully and with reckless or wanton disregard.

**COUNT III**
**BATTERY**

63.    Paragraphs 1 through 62 are hereby incorporated by reference and re-alleged as if fully reinstated herein.

64.    A battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.

65.    Defendant Painter "Intentionally" released his K-9 dog upon Mr. Williams.

66.    That the release of the K-9 dog by Defendant Painter resulted in the unwanted touching "Attack" of Mr. Williams without justification, excuse or consent.

67.    That the use of the K-9 dog by K-9 Handler was excessive in force.

68.    That an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful.

69.    Defendant Painter has a history of battery and consciously chooses to continue to abuse his power, through the continuous deliberate, malicious, willful conduct and conduct that is reckless and wanton of others as evidenced by multiple complaints of battery against him to include those in the Easter District of Virginia, Byers v. City of Richmond, 3:23-cv-00801-RCY and Wilson v. Painter, 3:20-dv-00645-DJN.

70.    As a direct and proximate result of Defendant Painter's unlawful battery, Mr. Williams suffered severe bodily injury, conscious pain and suffering, economic loss, humiliation and mental distress.

71.    Accordingly, Defendant Painter is liable to Mr. Williams for his battery.

72.    In addition to compensatory, consequential, and special damages, Mr. Williams is entitled to punitive damages against Defendant Painter under the same in that his actions were undertaken maliciously, willfully and with reckless or wanton disregard.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mr. Williams, prays for the following relief:

1.    The process and summons issue, as provide by law, requiring Defendant to appear and Answer Plaintiff's Complaint;

2.    That service be had upon Defendant as provided by law;

3.    That the Court award and enter a judgement in favor of the Plaintiff and against the Defendant for compensatory and special damages in an amount that will fully compensate the Plaintiff, Monetary awards provided to Plaintiff in the sum of $500,000.00;

4.    For a sum of $2,000,000.00 in punitive damages;

5.    For the costs of litigating this case;

6.    Plaintiff respectfully demands a jury of six (6) and reserves the right to amend this Complaint to conform to evidence as it develops;

7.    All other relief, legal or equitable, that this Honorable Court deems just and proper.

Respectfully Submitted,
**DERRICK WILLIAMS**

Electronically Signed
By:/s/ *Phillip S. Georges*
Phillip S. Georges, Esq.
VSB #66596
*Attorney for Derrick Williams*

**Phillip S. Georges, PLLC**
801 18th Ave. S
Nashville, TN 37203
T: 615-486-4115 x. 700
F: 615-576-8668
E: Phil@wolfpacklawyers.com