IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DERRICK WILLIAMS,

    Plaintiff,

v.                                   Civil Action No. 3:24cv696

GORDON J. PAINTER,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 16) (the "Motion to Dismiss"). For the reasons set forth below, the Motion to Dismiss will be denied.

The FIRST AMENDED COMPLAINT ("FAC") asserts three counts. Count I alleges a violation of Fourth Amendment rights by virtue of excessive force in the form of an unauthorized attack by a police dog. Count I is brought through 42 U.S.C. § 1983 which authorizes suit in federal court for the violation of a federal, constitutional, or statutory right. Counts II and III are state law claims. Count II alleges assault and Count III alleges battery, both Counts arising out of the same factual pattern that forms the basis for the allegations of Count I.

The FAC alleges that Williams was lawfully in residence at an apartment leased under the name of Tyree Harris, a friend of

Williams. Harris gave Williams a key to the apartment and permission to occupy it. On the morning of October 11, 2022, Williams heard the door of the apartment being kicked in by Harris' ex-girlfriend who threatened Williams asserting that she had a gun and said that she was contacting law enforcement officers. In response to a call from the ex-girlfriend, Painter and other police officers entered the residence. Painter was a K-9 Officer and brought his dog along for the entry.

The FAC alleges that Williams exited the bedroom in which he had been staying, complied with an order to put his hands up but that, nonetheless, Painter, without any reason whatsoever, released the dog which attacked Williams and bit him several times. It is further alleged that Williams had committed no crime, never posed a threat of safety to the officers or others, never resisted the officers, and never attempted to flee.

The FAC seeks compensatory and special damages in the amount of $500,000.00 and putative damages in the amount of $2 million. However, the FAC does not specifically mention any personal injuries, other than a general reference to the fact that Williams was bitten by a dog.

The Motion to Dismiss attacks the FAC as legally insufficient on the ground that Officer Painter is entitled to qualified immunity. The Motion to Dismiss seeks dismissal of all counts in the FAC. ECF No. 16, p.1.[1]

The Motion to Dismiss seems to rely on the decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), asserting that the FAC fails to present claims that are plausible on the face of the FAC and makes the argument that the stated facts are insufficient to establish all the elements of the claim, ECF No. 17, p.9, but does not really focus on any of the three counts. Nor does the supporting memorandum otherwise suggest a particular pleading deficiency. Instead, the Motion to Dismiss seeks dismissal on the basis of the affirmative defense of qualified immunity; and, in support of the plea for dismissal, numerous materials (that are not at all referred in the FAC, to-wit: several body worn cameras, an Incident Report, and a lease) are attached to the Motion to Dismiss.

---

[1] In PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (ECF No. 19), it is asserted that the opposing memorandum is in opposition to the Motion to Dismiss Count I of the FAC. That misapprehends the breath of the actual Motion to Dismiss as described further in the supporting memorandum (ECF No. 17).

3

Ordinarily, the Court cannot consider matters not included in a Complaint or incorporated therein (whether documents or videos) without converting the motion to one made for summary judgment under Fed. R. Civ. P. 56. The Motion to Dismiss identifies eight records that, according to Painter: (a) may properly be considered in deciding whether to dismiss this case as a matter of law under Rule 12(b)(6); and (b) do not necessitate conversion of the Motion to Dismiss to one made under Rule 56. For his authority, Painter relies on the recent decision of the United States Court of Appeals for the Fourth Circuit in Doriety v. Sletten, 109 F.4th 670, 679-81 (4th Cir. 2024).

## DISCUSSION

Doriety, in fact, is a good summary of the applicable law. As the Fourth Circuit explained in Doriety, Fed. R. Civ. P. 12(d) "ordinarily prohibits a court from considering evidence outside the pleadings on a motion to dismiss, unless the Court converts the motion to one for summary judgment." Doriety, 109 F.4th at 679. Doriety also emphasizes that:

> a court's role under Rule 12(b)(6) is to evaluate the sufficiency of a complaint and that a court is not permitted at the stage of the proceedings to 'resolve contests surrounding the facts' or the 'merits of a claim.' (citations omitted) Instead, the court generally must accept the facts as alleged as true and all reasonable inferences

4

>     in favor of the plaintiff.  (citation omitted).

Doriety, 109 F.4th at 679.

Notwithstanding the foregoing considerations, the Fourth Circuit has held that a motion challenging the sufficiency of a complaint can be resolved under 12(b)(6) by consideration of a document and videos outside the complaint when the document or video is "'integral to the complaint and there is not dispute about the document's authenticity.'" Id. at 179.

For authority to allow the use of documents that were outside a complaint, the Court of Appeals, in Doriety, relied upon its decision in Goines v. Valley Community Services Bd., 822 F.3d 159, 164-66 (4th Cir. 2016). Also, in Doriety, the Court of Appeals acknowledged that it had not previously considered the manner in which a trial court could consider a video recording at the motion to dismiss stage. However, the Court of Appeals explained that, if a district court considers a video recording at the summary judgment stage, the district court is obligated to "credit the plaintiff's version of the facts to the extent they are not 'blatantly contradicted' by the recording." (citations omitted) In so deciding, the Court also held that:

>     As the phrase 'blatantly contradicts' implies '[t]his standard is a very difficult one to satisfy' and requires that the plaintiff's

5

>version of events be 'utterly discredited' by the video recording. (citation omitted)

Doriety, 109 F.4th at 679. And, in particular, the Court made quite clear that:

>We hold that a district court can consider a video submitted at the motion to dismiss stage when (1) the video is 'integral' to the complaint and its authenticity is not challenged, but (2) only to the extent that the video 'clearly depicts a set of facts contrary to those alleged in the complaint,' or 'blatantly contradicts' the plaintiff's allegations, rendering the plaintiff's allegations implausible.

Id. at 679-680.

In Doriety, the Court of Appeals concluded that whether the video was actually integral to the complaint was not entirely clear but did not address the issue of whether the video was, in fact, integral to the complaint because the plaintiff had invited use by relying on the video in response to a motion to dismiss. However, in applying its rule, Doriety, in fact, rejected the video based on analysis of the video. That was because it was "difficult to discern many critical details from the video." Doriety, 109 F.4th at 680. Therefore, even though the depictions in the video bore some general relationship to assertions in the complaint, the Fourth Circuit held, in Doriety, that the district court should not have considered the video and that the plaintiff's allegations

6

were sufficient to allege a plausible claim of excessive force. Id.

The problem in the current posture of this case is that none of the briefs actually address the requirements that must be met before the Court can consider the eight matters *de hors* the record that were submitted in support of this Motion to Dismiss.

To begin, none of those matters may be considered unless they are integral to the FAC.[2] But, Painter's brief offers no analysis of what the term "integral" actually means and how particular provisions of the video or the Incident Report or the other matters outside the record actually demonstrate that they are indeed integral to the FAC (the FAC, not the case). And, the Plaintiff simply does not address the issue at all. Nor do the parties confront the test established in Doriety which requires a determination of the nature and extent of the inconsistency and whether or not it blatantly contradicts the allegations in the FAC.

It is important given the arguments made by both sides that the Court be informed by the parties of their views with respect to the issues created by the matters outside the record. For

---

[2] Painter's brief pays lip service to that concept and in some places tries to make comparison between the FAC and the videos, the Incident Report, and the other matters submitted.

7

example only, there is a question whether the warnings that are said to had been given by Painter could possibly have been heard by Williams or whether they are clear and that is shown by an examination of the videos. It is important also to understand whether the videos provide any evidence that the officers faced any threat of any kind by measuring the allegations of the FAC against the content of the video and the other extrinsic evidence on which Painter relies.

Those are but two examples of the matters that have to be properly addressed before the matters outside the record (the videos and the Incident Report and the other documents) can be considered here and, if considered, what weight, if any, should be given to them and what affect they would have.

In that regard, the parties are referred to the following authorities to begin the process of careful analysis that must ensue in the briefing that is to be ordered herein:

(1) 11 Moore's Federal Practice-Civil Section 56.22

(2) The text of Doriety and the analysis made therein

(3) The decisions on which Doriety relies and there are many of them at 109 F.4th 679-80

(4) The decision in Goines v. Valley Community Services Bd., 522 F.3d 159, 164-67 (4th Cir. 2016).

Those are but a few of the available authorities that inform the analysis that needs to be made here. In sum, the Court is inadequately informed of the positions of the parties based on the applicable law and the way that that law is to be applied in making a decision on the Motion to Dismiss. Accordingly, the MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 16) will be denied without prejudice to the refiling of a motion that properly takes into account the authority invoked for the Court to consider all of the matters that are not asserted in the FAC without converting the Motion to Dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56 and perhaps requiring that discovery be taken in order to consider the matter under Rule 56.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 30, 2025

9